UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN DEGROOT,<br><br>          Plaintiff,<br><br>   vs.<br><br>WENDELL JOHN KUIPERS,<br><br>          Defendant. | CIV. 13-4089-KES<br><br>**ORDER** |

Defendant, Wendell John Kuipers, moves to compel an independent medical examination under Rule 35 and to extend the expert disclosure deadline. Plaintiff, Steven DeGroot, agrees to submit to an independent medical examination, but refuses to travel to Cedar Rapids, Iowa, for the examination. The motion to compel is granted.

## FACTS

DeGroot alleges that Kuipers was negligent in the operation of his motor vehicle while driving on Interstate 90 in rural Aurora County, South Dakota. DeGroot claims he suffered severe personal injuries as a result of Kuipers' negligence. DeGroot is seeking past, present, and future damages for physical impairment; pain and suffering; loss of enjoyment of the capacity of life; emotional distress; loss of earning capacity; and other general and special damages. Kuipers admits he was negligent, but denies his negligence was the cause of DeGroot's injuries. DeGroot lives in Orange City, Iowa, and filed his case in South Dakota. Kuipers resides in Platte, South Dakota.

DeGroot was treated by Dr. John Pracyk, a neurosurgeon with The Center for Neurosciences, Orthopaedics & Spine, located in Dakota Dunes, South Dakota. DeGroot underwent an anterior cervical discectomy and fusion at C5-6. Dr. Prayck has not provided any expert opinions attributing the accident to the need for neck surgery.

DeGroot designated Dr. Gonzalo M. Sanchez, a retired neurosurgeon, as an expert witness. Dr. Sanchez retired from private practice in Pierre, South Dakota and is now residing in Tucson, Arizona. Dr. Sanchez reviewed DeGroot's medical records and opines that DeGroot's neck surgery was related to the automobile accident. Additionally, Dr. Sanchez opines that future neck surgery is potentially required and that DeGroot suffered a 10 percent whole person impairment as a result of the accident.

Kuipers requested that DeGroot attend an IME to be conducted by Dr. Chad D. Abernathy, a neurosurgeon in Cedar Rapids, Iowa, at a date convenient for DeGroot. Kuipers has offered to compensate DeGroot for his travel expenses. Cedar Rapids, Iowa, is 279 miles from Orange City, Iowa, and both cities are in the same district—the Northern District of Iowa. DeGroot objected to the request because he would have to take two days out of his schedule to drive back and forth to Cedar Rapids including the time for the IME. DeGroot also stated that his physical condition did not allow him to travel that far. DeGroot asks that Dr. Abernathy be required to travel to Sioux Falls at Kuiper's expense.

**DISCUSSION**

**1.      Standard Applicable to Rule 35 Motions**

Rule 35 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> (a)     Order for an Examination.
> (1) *In General.* The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in custody or under its legal control.
> (2) *Motion and Notice; Contest of the Order.* The order:
>         (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>         (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

*See* Fed. R. Civ. P. 35(a). Once the examination has been performed, the examiner must produce a written report that details his examination findings including diagnoses, conclusions, and the results of any tests. *See* Fed. R. Civ. P. 35(b). This report must be made available to the party who submitted to the examination. *Id.* No patient-physician privilege applies to the report of the independent examination. *Id.*

A party seeking an order for a Rule 35 IME must show two things: (1) that the plaintiff has put his physical or mental condition "in controversy" and (2) that there is "good cause" for the IME. *Schlagenhauf v. Holder,* 379 U.S. 104, 117-118 (1964). The movant must show that "the condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118. A mere

showing of relevancy is insufficient to establish "good cause." *Id.* In addition, the court should consider whether the desired information can be obtained by other means than an IME. *Id.*

Even if a physical examination is warranted under Rule 35, the moving party has no absolute right to compel that examination by a particular physician of its own choosing. *McKitis v. Defazio*, 187 F.R.D. 225, 227 (D. Md. 1999); *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990); 8B Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure,* § 2234.2 at 276 (2010) *(hereinafter* "Wright & Miller"*).* But generally, the movant is permitted to select the physician to conduct the examination, absent a finding of bias or prejudice. 8B Wright & Miller § 2234.2 at 276 (2010*); Holland v. United States*, 182 F.R.D. 493, 494-495 (D.S.C. 1998) (refusing plaintiff's request that the court appoint someone other than defendant's chosen physician to conduct the exam where there was no showing of personal bias on the part of defendant's physician nor any allegation that the physician would use discredited or harmful techniques to examine the plaintiff); *Defazio*, 187 F.R.D. at 227 (ordering IME with defendant's chosen physician where plaintiff raised no issues as to that physician's qualifications to conduct the IME).

The reason for such an approach is that the plaintiff is allowed to select his or her own doctor to testify as to the plaintiff's physical condition, so fairness dictates that the defendant has a similar right. 8B Wright & Miller

§ 2234.2 at 274. Rule 35 is "to be accorded a broad and liberal treatment, to effectuate the purpose [of the rules of civil procedure] that civil trials in the federal courts no longer need be carried on in the dark." *Schlagenhauf*, 379 U.S. at 114-115; *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 690 (10th Cir. 2007).

DeGroot's objections to Dr. Sanchez's examination of him have nothing to do with Dr. Sanchez's qualifications nor does DeGroot make any allegations of bias or prejudice. Rather, DeGroot objects to the examination on the basis that Dr. Sanchez is too far away from DeGroot's home, and the examination would require DeGroot to travel approximately 560 miles round trip, which would place a physical and financial hardship on him. He argues that his neck injury is aggravated when he drives for long periods. As a result, he limits his driving time to approximately one hour so he can stop and stretch his neck and shoulders. Given his health conditions, DeGroot argues that he could not drive to and from Cedar Rapids in one day. As a result, he would lose two days of income.

A similar issue was discussed by the Arkansas Supreme Court in *Reed v. Marley*, 321 S.W.2d 193 (Ark. 1959). In that case, the defendant requested an order requiring plaintiff to attend an IME in Tulsa, Oklahoma, even though the case was venued in Arkansas. *Id.* at 194. The court held that the mere fact that the IME requested was out of state did not, by itself, render the request unreasonable. *Id.* at 195. Indeed, as in this case, the court noted that the plaintiff could be required to attend an IME on the other side of the

district in Arkansas (where the case was venued) that would require travel of much greater distances than the IME requested in Tulsa. *Id.* at 195.

Courts have required plaintiffs to travel great distances in order to attend IMEs in the district where they had elected to venue their case, and to do so at their own expense. *See McCloskey v. United Parcel Serv. Gen. Serv. Co.,* 171 F.R.D. 268 (D. Or. 1997*). See also Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 106-107 (E.D.N.C. 1993) (holding that defendants could compel plaintiff to undergo an IME in the judicial district where the case was venued, or in the judicial district where the plaintiff resided). Under the same-district-as-the-forum analysis in the *McCloskey* and *Blount* cases, DeGroot could clearly be required to attend an IME in Rapid City, South Dakota, as that would be in the same district as the forum where he elected to venue his case. This would, of course, require DeGroot to travel a much greater distance–approximately 415 miles one way–in order to attend such an IME. Instead, Kuipers is requesting DeGroot to submit to an IME in Kuipers' own district at a distance of 279 miles away. This is not an unreasonable request.

DeGroot alleges he will suffer an "undue hardship" because his physical condition makes it difficult for him to travel and he will incur two days of lost wages because of the travel distance combined with his need for frequent stops. While DeGroot's physical condition may make it difficult for him to travel, the same physical condition existed when he chose to travel to Mexico for an eight-day trip after the accident. DeGroot argues that this trip occurred after the accident but before his cervical discectomy and fusion and as a result

his condition is different now. DeGroot has failed to convince the court, however, that the surgery made his condition worse for traveling than before. DeGroot's physical condition does not appear to the court to preclude a 279 mile trip for an IME.

With regard to the alleged financial hardship arising from the fact that DeGroot will lose income from two days of work instead of only one if the IME took place at a closer location, the court agrees that the cost to DeGroot will in fact be increased. But DeGroot has not articulated the amount of the additional lost income nor has he made a showing that the one additional day of lost income would rise to the level of an undue financial hardship. *See McCloskey,* 171 F.R.D. at 270 (plaintiffs failed to show $15,000 travel cost constituted undue financial hardship). Without a showing of undue hardship, the court concludes that it is not unreasonable to require DeGroot to travel to Cedar Rapids for the IME as requested by Kuipers.

**2.    Form of the Motion**

Rule 35 specifies that, in making a motion for an IME pursuant to the rule, the movant "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Kuipers' motion specifies the place of the examination and the identity and specialty of the person who will perform the IME, but fails to fill in the other details required by the rule.

Rather than supplying those details by fiat, the court prefers to allow the parties an opportunity to arrange the time, place, manner, and conditions of

the IME with Dr. Sanchez in a fashion that is mutually agreeable to everyone with the caveat that the IME must be completed within 60 days. Accordingly, the court leaves the remainder of the details to the parties to work out between themselves. If the parties are unable to reach agreement as to these details, they may contact the court and the court will supply the details by further order.

### 3. Extension of Deadlines

For good cause shown, Kuipers' expert witness disclosure deadline is extended to November 24, 2014. All discovery, including expert discovery, will be completed by December 22, 2014. All motions, other than motions in limine, will be filed and served by January 22, 2015.

### CONCLUSION

Kuipers' motion to compel a Rule 35 IME with Dr. Sanchez (Docket 17) is granted as discussed more fully above. Upon presentation of appropriate documentation for the same, Kuiper shall pay the costs of DeGroot's travel to attend this deposition, including mileage, lodging, and meals. Kuipers' motion to extend deadlines (Docket 17) is also granted.

Dated August 22, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE